IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KATHY MARIE DEANE,

      CIVIL ACTION NO: 6:00-cv-1103-ORL-28C

   Plaintiff,

vs.

VISIONQUEST NATIONAL, LTD.,
a foreign corporation,

   Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff KATHY MARIE DEANE (hereinafter "Plaintiff DEANE"), by and through her undersigned attorney, and hereby sues Defendant VISIONQUEST NATIONAL, LTD. (hereinafter "Defendant VISIONQUEST"), and states as follows:

### Jurisdiction and Venue

1.    This is an action for damages in excess of the jurisdictional minimum of this Court, for violations of Title VII of the Civil Rights Act of 1964, the Florida Civil Rights Act, and negligence. This Court has subject matter jurisdiction pursuant to 42 U.S.C. § 2000(e), *et seq.;* Chapter 760 of the *Florida Statutes*; and, U.S.C. §§ 1331, 1343, 1367. Venue is proper in this Court under 28 U.S.C. § 1391(b) and Rule 1.02(c) of the Local Rules of the Middle District of Florida.

### Parties and Factual Allegations

2.    Defendant VISIONQUEST is a foreign corporation registered and authorized to do

1

business in Florida, and at all relevant times herein, was doing business in both Brevard and Orange Counties, Florida.

3. Plaintiff DEANE is an individual, *sui juris*, residing in Brevard County, Florida, and is a practicing Catholic.

4. Defendant VISIONQUEST hired Plaintiff DEANE on or around September 1, 1998 as a Backer, working with troubled youths in Central Florida.

5. As a Backer, Plaintiff DEANE was responsible for, including, but not limited to, providing face-to-face contact with youth two (2) to three (3) times daily at work, school, home and during recreational activities; providing on-going assessment and documentation of individual youths' progress in meeting their treatment goals and objectives; maintaining regular communication with the school and providing intervention as needed; providing and documenting non-clinical individual and crises counseling of youths and families; providing transportation for youth to job training sites, community service activities, peer groups, family meetings, and recreational activities; and, providing supervision to youth engaged in community service activities, peer groups, and recreational activities.

6. During her employment with Defendant VISIONQUEST, and at all relevant times hereto, Plaintiff DEANE met or exceeded the employment expectations of Defendant VISIONQUEST.

7. On numerous occasions, however, throughout her employment with Defendant VISIONQUEST, Plaintiff DEANE was harassed because of her religious beliefs, the practice

2

thereof, and for her refusal to participate in Defendant VISIONQUEST's religious ceremonies.

8. Plaintiff DEANE requested reasonable accommodation for her religious beliefs. However, Defendant VISIONQUEST denied Plaintiff DEANE reasonable accommodation.

9. Plaintiff DEANE was also treated differently than similarly situated employees because of her religious beliefs, and her refusal to participate in VISIONQUEST's religious ceremonies.

10. Moreover, when Plaintiff DEANE complained about the discriminatory treatment and harassment she was receiving, Defendant VISIONQUEST ignored Plaintiff DEANE's complaints, and then intentionally retaliated against Plaintiff DEANE for complaining of Defendant VISIONQUEST's unlawful employment practices.

11. Defendant VISIONQUEST terminated Plaintiff DEANE on or around July 30, 1999.

12. Plaintiff DEANE filed charges with the United States Equal Employment Opportunities Commission (EEOC) and the Florida Commission on Human Relations (FCHR). Plaintiff DEANE has received a Notice of Right to Sue from the EEOC, a copy of which is attached hereto as Exhibit "A" and incorporated herein by reference.

### Count I
### Title VII
### Religious Discrimination

13. This is an action for damages for violation of Title VII of the Civil Rights Act of 1964, as amended, specifically 42 U.S.C. § 2000(e) *et seq.*

14. Plaintiff DEANE repeats and incorporates by reference herein paragraphs 1

through 12 above, as though fully set forth herein.

15. Plaintiff DEANE has been intentionally harassed and intentionally discriminated against on the basis of her religious beliefs, as set forth in the preceding paragraphs, in violation of 42 U.S.C. § 2000(e)(2).

16. Defendants have intentionally harassed and intentionally discriminated against Plaintiff DEANE because of her religious beliefs, for the practice of her religious beliefs, and for her unwillingness to participate in the religious ceremonies conducted by Defendant VISIONQUEST.

17. All conditions precedent to this action have been met or waived.

18. As a result of the intentionally discriminatory actions by Defendant VISIONQUEST, Plaintiff DEANE has sustained significant damages in the form of pain, suffering and mental anguish and will continue to sustain said damages in the future.

19. Plaintiff DEANE has also sustained damages in the form of lost wages and benefits.

20. Plaintiff DEANE has retained the undersigned counsel to bring this action, and has agreed to pay her a reasonable fee for her services.

WHEREFORE, Plaintiff DEANE demands judgment against Defendant VISIONQUEST for backpay and benefits, front pay, and for compensatory and punitive damages as provided by 42 U.S.C. § 2000(e), including costs, interest and attorneys fees, and all other remedies deemed appropriate by this Court.

## Count II
## Title VII Retaliation

21.    This is an action for damages for violation of Title VII of the Civil Rights Act, specifically 42 U.S.C. § 2000(e)(3).

22.    Plaintiff DEANE repeats and incorporates by reference Paragraphs 1 through 12 above, as though fully set forth herein.

23.    Plaintiff DEANE has been intentionally discriminated against, intentionally harassed, and intentionally retaliated against because of her opposition to Defendant VISIONQUEST's unlawful employment practices, as set forth in the preceding paragraphs, in violation of 42 U.S.C. § 2000(e)(3).

24.    Defendant VISIONQUEST intentionally discriminated, intentionally harassed and intentionally retaliated against Plaintiff DEANE because of her opposition to Defendant VISIONQUEST unlawful employment practices.

25.    All conditions precedent to this action have been met or waived.

26.    As a result of the intentionally discriminatory and intentionally retaliatory actions of Defendant VISIONQUEST, Plaintiff DEANE has sustained significant damages in the form of pain, suffering and mental anguish, and will continue to sustain said damages in the future.

27.    Plaintiff DEANE has also sustained damages in the form of lost wages and benefits.

28.    Plaintiff DEANE has retained the undersigned counsel to bring this action, and has agreed to pay her a reasonable fee for her services.

WHEREFORE, Plaintiff DEANE demands judgment against Defendant VISIONQUEST for back pay and benefits, front pay and for compensatory and punitive damages as provided by 42 U.S.C. § 2000(e)(5), including costs, interest and attorneys fees, and all other remedies deemed appropriate by this Court.

### Count III
### Florida Civil Rights Act
### Religious Discrimination

29. This is an action for damages for violations of the Florida Civil Rights Act of 1992, as set forth in Chapter 760 of the *Florida Statutes*.

30. Plaintiff DEANE repeats and incorporates by reference herein, paragraphs 1 through 12 above, above as though fully set forth herein.

31. Defendant VISIONQUEST intentionally discriminated against Plaintiff DEANE as set forth in the preceding paragraphs, in violation of § 760.10 of the *Florida Statutes*.

32. Plaintiff DEANE has exhausted all administrative remedies set forth in Chapter 760 of the *Florida Statutes*, and has met or waived all conditions precedent to this action.

33. As a result of the intentionally discriminatory actions of Defendant VISIONQUEST, Plaintiff DEANE has sustained significant damages in the form of pain, suffering and mental anguish, and will continue to sustain said damages in the future.

34. Plaintiff DEANE has also sustained damages in the form of lost wages and benefits.

35. Plaintiff DEANE has retained the undersigned counsel to bring this action, and has agreed to pay her a reasonable fee for her services.

WHEREFORE, Plaintiff DEANE demands judgment for back pay and benefits, front pay and for compensatory and punitive damages against Defendant VISIONQUEST, as provided by Chapter 760 of the *Florida Statutes*, including costs, interest and attorneys fees, and all other remedies deemed appropriate by this Court.

## Count IV
## Florida Civil Rights Act
## Retaliation

36. This is an action for damages for violation of Chapter 760 of the *Florida Statutes*.

37. Plaintiff DEANE repeats and incorporates by reference paragraphs 1 through 12 above, as though fully set forth herein.

38. Plaintiff DEANE has been intentionally discriminated against, intentionally harassed, and intentionally retaliated against because of her opposition to Defendant VISIONQUEST's unlawful employment practices, as set forth in the preceding paragraphs.

39. Defendant VISIONQUEST intentionally discriminated, intentionally harassed and intentionally retaliated against Plaintiff DEANE because of her opposition to Defendant VISIONQUEST unlawful employment practices.

40. All conditions precedent to this action have been met or waived.

41. As a result of the intentionally discriminatory and intentionally retaliatory actions of Defendant VISIONQUEST, Plaintiff DEANE has sustained significant damages in the form of pain, suffering and mental anguish, and will continue to sustain said damages in the future.

42. Plaintiff DEANE has also sustained damages in the form of lost wages and benefits.

43. Plaintiff DEANE has retained the undersigned counsel to bring this action, and has agreed to pay her a reasonable fee for her services.

WHEREFORE, Plaintiff DEANE demands judgment against Defendant VISIONQUEST for back pay and benefits, front pay and for compensatory and punitive damages, including costs, interest and attorneys fees, and all other remedies deemed appropriate by this Court.

## Count V
## Negligent Retention and Supervision

44. This is an action for Negligent Supervision and Retention.

45. Plaintiff DEANE realleges and incorporates by reference herein paragraphs 1 through 12 above, as thoughtfully set forth herein.

46. Defendant VISIONQUEST knew or reasonably should have known that Defendant VISIONQUEST was engaging in the unlawful behavior described above.

47. At all times material herein, Defendant VISIONQUEST knew, or reasonably should have known, that the conduct, acts and failure to act of Defendant VISIONQUEST and/or supervisors, agents and employees described above, violates Plaintiff DEANE's rights under federal, state and municipal statutes, codes and ordinances.

48. At all times material herein, Defendant VISIONQUEST knew, or reasonable should have known, that the incidents, conducts, acts, and failures to act described above, would and did proximately result in emotional distress to Plaintiff DEANE.

8

49. At all times material herein Defendant VISIONQUEST knew, or in the exercise of reasonable care, should have known, that unless Defendant VISIONQUEST intervened to protect Plaintiff DEANE, and to adequately supervise, train, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct, acts, and failures to act, of Defendant VISIONQUEST and/or supervisors, agents or employees as alleged herein above, said conduct, acts, and failures to act would continue, thereby subjecting Plaintiff DEANE to emotional distress.

50. Defendant VISIONQUEST knew, or in the exercise of reasonable care, should have known, that unless Defendant VISIONQUEST intervened to protect Plaintiff DEANE, and to adequately supervise, train, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct, acts, and failures to act of the Defendant VISIONQUEST and others as described herein, Defendant VISIONQUEST's failure to so protect, supervise, train, and intervene would have the effect of encouraging, ratifying, condoning, exacerbating, increasing and worsening said conduct, acts, and failures to act.

51. At all times material herein, Defendant VISIONQUEST, had the power, ability authority, and duty to so intervene, supervise, train , prohibit, control, regulate, discipline, and/or penalize the conduct of all other Defendant VISIONQUEST and/or supervisors, agents or employees as described herein above.

52. Despite said knowledge, power, and duty, Defendant VISIONQUEST negligently failed to act so as to prevent, supervise, train, prohibit, control, regulate, discipline, and/or penalize such conduct, acts, and failures to act, or to otherwise protect Plaintiff DEANE.

53. As a direct and proximate result of the failure of Defendant VISIONQUEST to protect Plaintiff DEANE, and to adequately supervise, train, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct, acts, and failures to act of Defendant VISIONQUEST and/or supervisors, agents or employees as alleged herein above, said conduct, acts, and failures to act were perceived by them as, and in fact had the effect of, ratifying, encouraging, condoning, exacerbating, increasing, and/or worsening said conduct, acts, and failures to act.

54. At all times material herein, the failure of Defendant VISIONQUEST to protect Plaintiff DEANE, and to adequately supervise, train, prohibit, control, regulate, discipline, and/or otherwise penalize the conducts, acts, and failures to act of VISIONQUEST and/or supervisors, agents or employees violated Plaintiff DEANE's rights under federal, state, and municipal statutes, codes and ordinances.

55. All conditions precedent to this action have been met or waived.

56. As a result of the intentionally discriminatory and intentionally retaliatory actions of Defendant VISIONQUEST, Plaintiff DEANE has sustained significant damages in the form of pain, suffering and mental anguish, and will continue to sustain said damages in the future.

57. Plaintiff DEANE has also sustained damages in the form of lost wages and benefits.

58. Plaintiff DEANE has retained to undersigned counsel to bring this action, and has agreed to pay her a reasonable fee for her services.

WHEREFORE, Plaintiff DEANE demands judgment against Defendant VISIONQUEST for compensatory damages, and all such other remedies deemed appropriate by this Court.

## NOTICE OF INTENT TO SEEK PUNITIVE DAMAGES

Plaintiff DEANE hereby gives notice pursuant to § 768.72, *Fla. Stat.* (1999) of her intent to seek punitive damages under the applicable claims.

## DEMAND FOR JURY TRIAL

Plaintiff DEANE hereby demands a jury trial on all issues so triable.

Mary E. Lytle, Esquire
Florida Bar No. 0007950
MARY E. LYTLE, P.A.
1500 E. Robinson Street
P.O. Box 3351
Orlando, Florida 32802-3351
Telephone: (407) 228-1230
Facsimile: (407) 228-6822
Attorney for Plaintiff

11

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE
### (ISSUED ON REQUEST)

| To: | From: |
|---|---|
| Kathy Deane<br>1421 N. River Drive<br>Cocoa, FL 32922 | Miami District Office<br>Equal Employment Opportunity Commission<br>One Biscayne Tower, Suite 2700<br>2 South Biscayne Boulevard<br>Miami, Florida 33131-1805 |

[ ] *On behalf of a person aggrieved whose identity is CONFIDENTIAL (29 C.F.R. 1601.7(a))*

| Charge Number | EEOC Representative | Telephone Number |
|---|---|---|
| 150A00326 | George W. Ruggiano, Jr., Invesitgator | (305) 536-7242 |

(See the additional information attached to this form.)

## NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act(ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your suit under Title VII or the ADA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required). EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court compliant to this office.

On Behalf of the Commission

**MAY 26 2000**

(Date Mailed)

Federico Costales, District Director

Enclosures
    Information Sheet
    Copy of Charge

cc: Mary E. Lytle, Esq.
    Post Office Box 3351
    Orlando, FL 32802

    Personnel Manager
    Vision Quest
    1520 Woodward Street
    Orlando, FL 32803

EEOC Form 161-B (10/96)

EXHIBIT "A"